S. & M., etc., R. Co., 55 Hun, 604; Ganiard v. R. C. & B. R. R. Co., 50 Id. 22 ; Hunter v. C. & S. V. R. R. Co., 112 N. Y. 371; Hanrahan v. Man. R. Co., 53 Hun, 420 ; Valentine v. B. & S. A. R. Co., 14 Daly, 540 ; Solomon v. Man. R. Co., 103 N. Y. 437; Dixon v. B. C. & N. R. R. Co., 100 Id. 170 ; Brooks v. N. Y., L. E. & W. R. R. Co., 21 W. Dig 464 ; Phillips v. Rensselaer, etc., R. Co., 49 N. Y. 117 ; Burrows v. Erie R. R. Co., 63 N. Y. 556.

NATHAN HASBERG, Respondent, v. JOHN B. McCARTY, Appellant.

*Court of Appeals, June 2, 1891.*

1. *Contract.*   *Rescission.*—To sustain the right of a party to rescind a contract on the ground of fraud, he is required to act, upon its discovery, with reasonable promptness in disaffirmance of it.
2. *Same.*—What is such due or requisite promptness of action to disaffirm is somewhat dependent upon circumstances.
3. *Same.*—The acts of plaintiff in this case were held not to prejudice his right to disaffirm.

Appeal from judgment entered upon order of the general term of the court of common pleas of the city of New York, affirming interlocutory and final judgments in favor of the plaintiff.

*John H. V. Arnold*, for appellant.

*Nathaniel Myers*, for respondent.

BRADLEY, J.—The agreement of January 24, 1884, was apparently an obstacle in the way of the accounting sought by the plaintiff, and attention was by the evidence directed to the circumstances under which it was made. Whether or not any occasion existed for the charge that the plaintiff was induced to execute it by deceptive means used by the defendant, was the subject of conflict in the evidence of the parties.

The testimony on the part of the plaintiff tended to prove that his consent to make the agreement and his execution of it were procured by false representations to and deceptive concealment from him by the defendant of facts material to the apparent purpose of the instrument. And the finding of the trial court that the plaintiff's agreement was fraudulently obtained by the defendant, not being without evidence for its support, must, for the purposes of this review, be deemed conclusive. It is, however, urged that the plaintiff by delay lost the opportunity he otherwise may have had to rescind the contract. He was required to act with reasonable promptness, on discovery of the fraud, in disaffirmance of it to sustain his right to do so, and if, after such discovery, he accepted or received any benefit from the contract his only remedy remaining was for damages. Cobb *v.* Hatfield, 46 N. Y. 533. It may be observed that the plaintiff took nothing except the expectant rights afforded by the terms of the contract, from which he realized nothing. He commenced this action in May, 1885, shortly after the defendant's return from a trip to Europe. And, while the plaintiff's evidence tends to prove that in January or February of that year he learned something of the facts in respect to the character of the capital represented by the stock, and about the same time called the defendant's attention to it, the latter did not concede them, but seemed surprised and assumed to never have heard that such was the situation. What is due or requisite promptness of action to disaffirm is somewhat dependent upon circumstances. The defendant was not in any manner prejudiced by the omission of the plaintiff to take steps to disaffirm the contract two or three months before he commenced this action, and it may have been inferred from the evidence that the defendant was abroad half or more of that time. Then the treatment of the subject by him when his attention was so called to it by the plaintiff may have justified some hesitation or doubt on the part of the latter either as to the correctness of his information or of the cul-

30

pability of the defendant in the matter. And it may be added that nothing appears requiring the conclusion that the plaintiff did anything in affirmance of the contract after he received the information before mentioned. The fact that he continued in the service of the corporation thereafter and after the commencement of this action, did not necessarily prejudice his right to disaffirm. His service there was not pursuant to the contract or necessarily dependent upon it. It cannot, as matter of law, properly be held upon the evidence that the plaintiff's right to disaffirm the contract was lost by any delay on his part.

There is a matter of interest from February, 1875, allowed to the plaintiff upon $2,500, said to have been loaned by him to the defendant, and placed to the credit of the latter as capital in the firm. The time when that was done was not very clearly shown. And by a provision in a written agreement between the parties of date March 25, 1884, the principal sum was presumptively adopted as the amount then due on account of that loan. The interest so allowed upon the $2,500 in excess of the interest from that date should be deducted from the recovery, and, as so modified, the judgment should be affirmed, with costs to the plaintiff.

All concur.

NOTE.

See further, Oregon P. R. R. Co. *v.* Forrest, 128 N. Y. 83 ; Barr *v.* N. Y., L. E. & W. R. R Co., 125 Id. 263 ; Thomson *v.* Sanders, *ante*, p. 157.